# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-311-S

**MIKE PROFITT**                                                                                                     **PLAINTIFF**

**v.**

**DIVINE SOLUTION**                                                                               **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Mike Profitt filed a *pro se* complaint on a Court-approved form. The content therein is largely illegible. He names Divine Solution as Defendant in the caption. As the grounds for filing the suit in federal court, Plaintiff appears to write "cash money" and "patent witness," among other illegible words. In the statement-of-claim portion of the form, he writes, "Now the Issue is Mike Profitt Need of paperwork by Velcro Hat Patent owner [illegible . . .] with a laundry Bag." He additionally writes, "I have Laundry [illegible] lockdown By Anti Bacterial By [illegible . . .] Name owner." Finally, in the relief section of the complaint, he writes, "No Lyric Theft owner Tim Riley [illegible . . . ]."

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

In the instant case, the Court concludes that the complaint must be dismissed pursuant to Rule 12(b)(1) because the allegations therein, being largely incomprehensible, are unsubstantial, frivolous, devoid of merit, and no longer open to discussion.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter a separate Order dismissing the instant action.

Date:

cc: Plaintiff, *pro se*
4411.005